BARTLETT, J.
—This action was brought to recover damages for the alleged negligence of the defendant corporation in so carelessly excavating a trench upon a highway in Richmond county as to cause the plaintiff’s husband to be thrown from a wagon in which he was riding, and suffer injuries which resulted in his-death. The accident occurred on Central avenue, in the town of Castleton, on the afternoon of December 31, 1894. The defendant through its servants and agents, was engaged in constructing a trench across a portion of Central avenue, in which to lay a gas-service pipe. This trench did not extend the entire width of the street, but left sufficient space for the passage of the wagon in which the plaintiff rode. This wagon was a beer truck, drawn by four horses. It was capable of carrying 94 quarter kegs of beer, and was laden with a considerable number at the time. The driver testifies that, as he approached the trench, he did not see the men working in it, as he could not see how deep it was until he came right opposite, when it seemed to be from 5J to 6 feet deep. Coming down the avenue, he had on the brakes as tight as they could be held, and he had his horses under full control when he passed the trench. The manner in which the accident occurred is thus described by this witness:
“In passing'the trench my lead horses were right opposite the trench, when a man in the trench threw out some earth, which made my lead horses shy, and they swerved over to the left side of the sidewalk, and I pulled them over again, and in pulling them over, the rear part of the wagon slued against the curb, and. *627 the first tiling I knew I was thrown over the horses, and the kegs and everything came down, and Hilan was thrown over.”
The driver further testified that the space over which he tried to drive slanted towards the curb, having a fall of about six inches; that his horses were halfway past the excavation when they shied; that the horses were under full control, and did not run at all, until he was thrown off; and that after the leaders shied he still had them under control. It is plain, from this statement of the facts (which seems to me as favorable to the plaintiff as the evidence will justify), that the sole ground on which any negligence could be imputed to the defendant is suggested by the seventh request of plaintiff’s counsel, in which he asked to go to the jury on the question'whether the throwing of the dirt from the excavation while the horses were passing constituted negligence. There is no evidence that'defendant was not authorized to do the work which it was engaged in doing. The excavation did not prevent vehicles from passing to and fro; for, as matter of fact, there was sufficient space left for the passage of this beer truck, and it actually did pass, inasmuch as according to the driver’s testimony, lie was about 10 feet beyond the excavation when he was thrown out of the wagon. He knew the situation perfectly, — just where the trench was, and just what space he had to drive through,— and it is manifest, from what he says about the condition of the brakes and his control over his horses, that he could not have had them better in hand if he had been expressly informed in advance that a few shovelfuls of earth would be thrown from the ditch as he approached the excavation. This brings the case right down to the question whether negligence can be predicated of such an act as simply shoveling soil out of a trench, in the course of a work properly being performed on a public highway, merely because horses may be caused thereby to shy. There is no suggestion that anything struck any of the horses, or that there was anything extraordinary in the way of throwing out the earth. The learned trial judge evidently thought that to pronounce the conduct of the defendant negligence, even under the most favorable view of the circumstances for the plaintiff, would be to impose too onerous a burden of care upon those engaged in work of this character. In this conclusion I think he was right. It would be practically impossible to guard against the happening of every event which might chance to frighten a timid team. It seems unreasonable to require the exercise of exceptional care, simply because it sometimes happens that a very trifling occurrence will occasionally induce a sensitive horse to shy. In my opinion, the proof failed to make out any negligence on the part of the agents of the defendant leading to the injury to the plaintiff’s intestate, and hence the complaint was properly dismissed.
For these reasons, I think that the plaintiff’s exceptions should be overruled, and the order denying the motion for a new trial should be affirmed.
All concur.